UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAYELI ESDEYNE CEBANOS MONFIL,<br>*Plaintiff*,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>*Defendants*. | No. 26-CV-7875 (KMK)<br><br>ORDER |

KENNETH M. KARAS, United States District Judge:

On September 10, 2026, Plaintiff brought this Action against Markwayne Mullin, Joseph B. Edlow, Carrie M. Selby, the Director of the Hart Service Center, and United States Citizenship and Immigration Services ("Defendants") in their official capacities, seeking an order compelling Defendants to make and communicate the prima facie determination required by 8 C.F.R. § 204.2(c)(6) and adjudicate her Form I-360, which she claimed has been pending for more than one year. (*See* Compl. in Nature of Mandamus 1–2 (Dkt. No. 1).) The same day, Plaintiff moved for a temporary restraining order requesting that Defendants make and communicate the prima facie determination ahead of a pending deadline in her proceedings before the Board of Immigration Appeals. (*See* Pl.'s Emergency Mot. for TRO & Prelim. Inj. 1–2 (Dkt. No. 3).)

The Court ordered Defendants to respond to Plaintiff's Emergency Motion by no later than Friday, September 18, 2026, and ordered Plaintiff to reply by no later than Monday, September 21, 2026. (*See* Order 1 (Dkt. No. 5).) Defendants filed their Opposition to Plaintiff's Emergency Motion on September 18, 2026, arguing that "[P]laintiff's request for a TRO must be dismissed on the grounds of mootness because USCIS has granted all the relief she seeks in the

request, namely a threshold prima facie decision for classification under the self-petitioner provision of the Violence Against Women Act." (*See* Mem. of Law in Opp'n re: Mot. for TRO 2 (Dkt. No. 7).) Counsel for Defendants also represented that she "ha[s] spoken with plaintiff who concurs that her request is moot." (*See id.* at 1.)

Plaintiff failed to reply by September 21, 2026, and on September 23, 2026, the Court instructed Plaintiff to do so no later than September 25, 2026. (*See* Memo Endorsement 2 (Dkt. No. 9).) While the Court Recognizes that its September 23, 2026, Order was not mailed to Plaintiff until September 28, 2026, Plaintiff has filed nothing in more than five weeks since, nor has she advised the Court that she disagrees with Defendants' position regarding the mootness of her Emergency Motion. (*See generally* Dkt.) Indeed, Plaintiff's Emergency Motion sought only an order "directing Defendants to make and communicate the prima facie determination required by 8 C.F.R. § 204.2(c)(6)," (Pl.'s Emergency Mot. for TRO & Prelim. Inj. 7 (Dkt. No. 3)), and Defendants have now represented that "USCIS has issued a notice of prima facie determination informing plaintiff that the petition has been reviewed and found to establish a prima facie case for classification under the self-petitioning provisions of the Violence Against Women Act" and that counsel for Defendants "provided a copy of the notice to plaintiff by email," (Mem. of Law in Opp'n re: Mot. for TRO 1 (Dkt. No. 7)). As noted by Defendants, "[i]n the immigration and naturalization context, courts have dismissed cases as moot where the executive agency to which the plaintiff has applied grants the relief sought in the complaint prior to the court's adjudication." (*See* Mem. of Law in Opp'n re: Mot. for TRO 1 (Dkt. No. 7) (quoting *Silva v. U.S. Citizenship & Immigr. Servs.*, No. 13-CV-8920, 2015 WL 2330304, at *3 (S.D.N.Y. Mar.

26, 2015)).) Because Defendants have granted Plaintiff the relief sought in her Emergency Motion, the Court denies Plaintiff's Emergency Motion as moot.

However, the relief requested in Plaintiff's Complaint is broader than that requested in her Emergency Motion. (*See* Compl. in Nature of Mandamus (Dkt. No. 1).) In addition to "an order requiring USCIS to make and communicate the threshold prima facie determination required by 8 C.F.R. § 204.2(c)(6)," Plaintiff seeks an order requiring USCIS "to proceed with adjudication of the underlying I-360 within a reasonable time." (*See id.* at 1–2; *see also id.* at 9–10 (bringing as Count II a claim arising out of unreasonable delay of Form I-360 adjudication).) Thus, the Court does not find that Plaintiff's entire case is moot.

The Court notes that while summonses issued on September 10, 2026, (*See* Dkt. (docket entry dated Sep. 10, 2026)), there is no indication on the docket that Plaintiff has served Defendants. Plaintiff is reminded that she must serve Defendants no more than 90 days after the date she filed her Complaint, i.e., no later than December 9, 2026, and provide proof of service to the Court. *See generally* Fed. R. Civ. P. 4; *see also* Fed. R. Civ. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service must be made within a specified time" unless "the plaintiff shows good cause for the failure"); Fed. R. Civ. P. 4(l) (providing that "[u]nless service is waived, proof of service must be made to the court"); *Terry v. Village of Ossining*, No. 12-CV-5855, 2013 WL 5952834, at *3 (S.D.N.Y. Nov. 5, 2013) (applying Rule 4 even where the plaintiff was proceeding pro se).

For the reasons set forth above, Plaintiff's Emergency Motion is denied. The Clerk of Court is respectfully directed to terminate the pending Motion at Dkt. No. 3. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED: November 5, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE